## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

**BANDELIO GUZMAN FERNANDEZ,**

                    **Plaintiff,**                  2007-CV-0103

    v.

**HYDRO MOBILE, INC.,**

                    **Defendant.**

TO:    Diane M. Russell, Esq.
         Douglas L. Capdeville, Esq.

### ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE

THIS MATTER came before the Court upon Plaintiff Bandelio Guzman Fernandez's Motion to Consolidate (Docket No. 12). U.S. Shoring & Equipment filed an opposition to said motion. The time for filing a response has expired.

Plaintiff requests this Court to consolidate the instant case with cases *Bandelio Guzman Fernandez v. U.S. Shoring & Equipment Co.,* Civ. No. SX-06-CV-137, and *Bandelio Guzman Fernandez v. U.S. Mast Climber, Inc. v. Hydromobile,* Civil No. SX-06-CV-507, both pending in the Virgin Islands Superior Court. Plaintiff claims this Court may consolidate said cases pursuant to Federal Rules of Civil Procedure 42(a) because they are, among other things, "substantially the same." Memorandum at 1.

*Fernandez v. Hydro Mobile, Inc.*
2007-CV-0103
Order Denying Plaintiff's Motion to Consolidate
Page 2

U.S. Shoring & Equipment Co. (Shoring), a defendant in one of the Superior Court cases, has entered a limited appearance to oppose said Motion. Shoring claims "it is basic, black letter law that a federal court cannot consolidate an action pending in state court." Response at 2. Shoring also claims that, because Plaintiff's motion "has no plausible or good-faith legal basis," said Defendant should recover costs and reasonable attorney's fees. Response at 4.

Federal Rules of Civil Procedure 42(a) states that a court may consolidate separate cases where the "actions before the court involve a common question of law or fact." *Id.* However, this Rule only applies to actions before "the court" not "the courts." In other words, Rule 42(a) "permits cases pending before the *same court* to be consolidated." *Rosario v. SCM Group USA Inc.*, 02-CV-3025, 2003 WL 21982116 at *1 (E.D.Pa. July 2, 2003)(emphasis added). Moreover, as Shoring has cited, "a court may not consolidate an action pending in federal court with an action pending in state court." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* §2382 (2008). Here, the Plaintiff is requesting this Court to consolidate cases pending in the Superior Court in direct conflict with the law. Consequently, Plaintiff's Motion will be denied.

*Fernandez v. Hydro Mobile, Inc.*
2007-CV-0103
Order Denying Plaintiff's Motion to Consolidate
Page 3

The Court may order an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to personally satisfy the excess costs as a result of such conduct. 28 U.S.C. §1927. Although counsel for Plaintiff should have done more legal research before filing the instant Motion, this Court does not find that Plaintiff's counsel has acted to multiply the proceedings unreasonably and vexatiously in this case. Consequently, Shoring will not be afforded costs and attorney's fees for filing a response.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion to Consolidate (Docket No. 12) is **DENIED**.

ENTER:

Dated: July 18, 2008

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE